**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 26, 2011

No. 10-41271
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

IVAN TORRES, also known as Ivan Torres-Lopez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:10-CR-1751-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ivan Torres appeals the 60-month sentence imposed by the district court following his conviction for illegal reentry. He asserts that the district court erred in imposing a 16-level sentencing enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i) because the Government failed to prove that a Washington district court imposed a sentence of over 13 months for his prior conviction for conspiring to distribute methamphetamine. The abuse-of-discretion standard applies to our review of sentencing decisions. *Gall v. United States*, 552 U.S. 38,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

46 (2007).    We review the district court's application of the Sentencing Guidelines de novo and its findings of fact for clear error.  *United States v. Charon*, 442 F.3d 881, 887 (5th Cir. 2006).

Having reviewed the record, including the documents obtained from the Washington court, we conclude that the district court's finding that Torres was sentenced to 66 months of imprisonment on his methamphetamine conviction "is plausible in light of the record read as a whole."  *United States v. Valdez*, 453 F.3d 252, 262 (5th Cir. 2006) (internal quotation marks and citation omitted). As a result, the district court did not abuse its discretion in imposing the sentencing enhancement, and the judgment of the district court is AFFIRMED. *See Gall*, 552 U.S. at 46.